IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | Cr. No. 18-00075 SOM |
|---|---|---|
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S MOTION TO PRECLUDE GOVERNMENT FROM INTRODUCING TEXT MESSAGES AND COMMUNICATIONS |
| vs. | ) | |
| JONATHAN CADET, | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO PRECLUDE GOVERNMENT FROM INTRODUCING TEXT MESSAGES AND COMMUNICATIONS**

**I.    INTRODUCTION.**

Before this court is Defendant Jonathan Cadet's Motion To Preclude Government From Introducing Text Messages and Communications. *See* ECF No. 25. Cadet has been charged with obstruction of a sex trafficking investigation and witness tampering. *See* ECF No. 1. These charges relate to alleged communications with his wife, identified by the Government as a victim in a pending sex trafficking case to which Cadet is not a party. *See id.;* ECF No. 29, PageID #s 84-85. Cadet now seeks to prevent the Government from introducing these communications at the trial of his case, arguing that the communications are covered by the marital communications privilege. *See* ECF No. 25, PageID # 64.

The court agrees that the communications at issue fall within the marital communications privilege. However, there is

an exception to the privilege when the communications relate to a crime in which the spouse is a victim. Finding that this exception applies to the privileged communications here, the court denies Cadet's motion.

**II.    BACKGROUND.**

The charges against Cadet relate to a pending criminal case, *United States v. Isaiah McCoy and Tawana Roberts*, Cr. No. 18-00016 SOM, in which the defendants are accused of sex trafficking in violation of 18 U.S.C. § 1591 ("*McCoy* case"). On May 14, 2018, a criminal complaint against Cadet was filed. *See* ECF No. 1. The complaint alleges that Cadet called and sent text messages to his wife, S.P.,[1] an alleged victim in the *McCoy* case, threatening her and pressuring her not to testify in the *McCoy* case. *See id.*, PageID #s 2-3.

> According to the complaint, Cadet told S.P.:
>
> that McCoy's "boys" were out looking for her because she was a witness in his pending case . . . , that "they are looking to kill u that's wat people do wen u rat on them lines," and then called her a "rat," a "lier, snake, demon, satin child" and a "lier false witness devil" and told her he would appear as a witness to defend McCoy
> . . . .

---

[1] The complaint refers to Cadet's wife as "AF4" (for Adult Victim #4 in the *McCoy* case), and the briefs related to this motion refer to her by her initials, S.P. *See, e.g.*, ECF No. 1, PageID # 2; ECF No. 25, PageID # 64. For clarity, this court uses "S.P."

2

*Id.* at 2.  Cadet was charged with one count of obstruction of a sex trafficking investigation in violation of 18 U.S.C. § 1591(d) ("Count I") and one count of witness tampering in violation of 18 U.S.C. § 1512(a)(2),(b), and (d) ("Count II"). *Id.*

On July 3, 2018, Cadet filed the present motion, seeking to preclude the Government from introducing at trial text messages and communications between Cadet and S.P.  *See* ECF No. 25, PageID # 64.

**III.     STANDARD FOR MARITAL COMMUNICATIONS PRIVILEGE.**

Rule 501 of the Federal Rules of Evidence provides that, except as otherwise required by the United States Constitution, federal statute, or Supreme Court rule, "[t]he common law . . . governs a claim of privilege."  Fed. R. Evid. 501.  Federal common law recognizes a marital communications privilege that "protects from disclosure private communications between spouses."  *United States v. Griffin*, 440 F.3d 1138, 1143–44 (9th Cir. 2006) (citations omitted).  The privilege exists to "protect the integrity of marriages and ensure that spouses freely communicate with one another."  *Id.* at 1143 (alterations omitted) (quoting *United States v. White*, 974 F.2d 1135, 1138 (9th Cir. 1992)).  The privilege may be invoked by the nontestifying spouse even after dissolution of the marriage. *United States v. Marashi*, 913 F.2d 724, 729 (9th Cir. 1990).

3

The marital communications privilege covers only (1) "words or acts intended as communication to the other spouse," (2) "those communications made during a valid marriage," and (3) "those marital communications which are confidential." *Id.* at 729-30. "Marital communications are presumptively confidential; the government has the burden of demonstrating that they are not." *Id.* at 730. The Ninth Circuit has "emphasized that we will narrowly construe the marital communications privilege because it obstructs the truth-seeking process." *Id.*

**IV.	ANALYSIS.**

Cadet invokes the marital communications privilege to prevent the introduction of certain communications at his trial. *See* ECF No. 25, PageID # 64. The communications at issue are text messages and phone calls between Cadet and S.P. in which Cadet allegedly threatened S.P. and pressured her not to testify in the *McCoy* case. The Government appears to concede that these communications fall within the marital communications privilege, and the court agrees. *See* ECF No. 29, PageID #s 86-87. The communications were words exchanged between spouses during their marriage and, because "not made in the presence of, or likely to be overheard by, third parties," the communications were confidential. *United States v. Vo*, 413 F.3d 1010, 1016. The remaining question is whether an exception to the marital

4

communications privilege applies, allowing the communications to be introduced at Cadet's trial.

Two exceptions exist.  First, "the marital communications privilege does not apply to statements made in furtherance of joint criminal activity."  *Marashi*, 913 F.2d at 731.  Second, "the marital communications privilege should not apply to statements relating to a crime where a spouse or a spouse's children are the victims."  *White*, 974 F.2d at 1138.  The latter exception, which this court refers to as the "victim spouse exception," is the only one that could apply here because there is no allegation of joint criminal activity involving Cadet and S.P.

Cadet argues that the victim spouse exception does not apply because S.P. is not the victim in Count I, the charge of obstruction of a sex trafficking investigation.  *See* ECF No. 25-1, PageID # 69.  He argues that "the people of the United States of America" would be the victims of any interference with the *prosecution* of sex trafficking crimes, not the victims of the sex trafficking crimes themselves.  *See id*.  With respect to Count II, the witness tampering charge, Cadet acknowledges that the exception "certainly appear[s]" to apply because he is alleged "to have intentionally harassed his wife in an attempt to hinder, delay, prevent, and dissuade her from attending and testifying in [the *McCoy* case]."  *Id.* at 69-70.  However, Cadet

argues that the communications should nonetheless be excluded from trial because he intended to warn his wife about possible safety threats, and the marital communications privilege was intended to cover these types of communications. *See id.* at 70.

Cadet's arguments are unpersuasive. As an initial matter, the Ninth Circuit has emphasized that the marital communications privilege is to be "narrowly construe[d]." *Marashi*, 913 F.2d at 730. Because the marital communications privilege "obstructs the truth seeking process," its use "in criminal proceedings requires a particularly narrow construction because of society's strong interest in the administration of justice." *White*, 974 F.2d at 1138 (citation omitted). Moreover, the Ninth Circuit has explained that "[p]rotecting threats against a spouse . . . is inconsistent with the purposes of the marital communications privilege," which is to "promot[e] confidential communications between spouses in order to foster marital harmony." *Id.*

With this guidance in mind, the court concludes that the alleged communications between Cadet and S.P. are not of a type that the marital communications privilege was intended to protect. S.P. is undoubtedly the victim of Count II because witness tampering requires proof that she was harmed as a result of the charged conduct. The Government is accusing Cadet of having violated 18 U.S.C. § 1512(a)(2), (b), and (d). *See* ECF

6

No. 1, PageID # 3. To prove these violations, the Government will be required to demonstrate, among other things, that Cadet "use[d] physical force or the threat of physical force against *any person*," "knowingly use[d] intimidation, threaten[ed], or corruptly persuade[d] *another person*," and "intentionally harasse[d] *another person*." 18 U.S.C. § 1512(a)(2), (b), (d) (emphases added). S.P. is that "person" and is therefore the victim in Count II.

In his reply, Cadet argues that the victim spouse exception should not apply to Count II because he "was trying to protect his wife by relaying the violent threats against her that he was exposed to." ECF No. 39-1, PageID # 125. However, whether Cadet in fact threatened S.P. is an issue for trial and is not relevant to whether S.P. should be considered the victim of the charged crime.

The Ninth Circuit has not addressed the issue presented by Count I--i.e., whether the victim spouse exception should apply when the defendant is accused of obstructing a sex trafficking case in which his wife is a victim. The Government is accusing Cadet of having violated 18 U.S.C. § 1591(d), which, unlike 18 U.S.C. § 1512, does not on its face require proof that a person was harmed. *See* 18 U.S.C. § 1591(d) ("Whoever obstructs, attempts to obstruct, or in any way interferes with or prevents the enforcement of this section, shall be fined

7

under this title, imprisoned for a term not to exceed 20 years, or both.").

However, in Count I, the Government is arguing that Cadet violated 18 U.S.C. § 1591(d) by calling S.P. and sending her text messages, "all of which [S.P.] understood were threats to her safety and threats pressuring her not to testify against defendant McCoy in his pending criminal case." ECF No. 1, PageID #2. Thus, while 18 U.S.C. § 1591(d) does not require proof of an individual victim per se, the Government is required to prove the S.P. was harmed *as charged here*. Moreover, S.P. is the victim of Count I insofar as the sex trafficking offense in the *McCoy* case is "inextricably intertwined with the conduct for which [Cadet] was charged in this case." *United States v. Chandler*, No. 2:10-cr-00482-GMN-PAL, 2011 WL 1871223, at *3 (D. Nev. May 16, 2011) (defendant charged with felony possession of a firearm was considered to have committed an offense against his wife and daughter by using the firearm at issue to abuse and threaten them).[2]

---

[2] In his reply, Cadet argues that *Chandler* is irrelevant because that case addressed an exception to the anti-marital facts privilege for offenses against the witness-spouse and did not address the marital communications privilege. See ECF No. 39-1, PageID #s 124-25. The court recognizes that the privileges are distinct, but finds the rationale of *Chandler* applicable. The Ninth Circuit has previously applied the rationale of cases addressing the anti-marital facts privilege in interpreting the scope of the marital communications privilege. See *White*, 974 F.2d at 1138 ("Although [*United States v. Allery*, 526 F.2d 1362

Because S.P. was allegedly threatened by Cadet and is the victim of the crimes charged, the victim spouse exception to the marital communications privilege applies. The court does not address whether the Government would be able to compel S.P. to testify at Cadet's trial. According to the Government, S.P is willing and able to testify against Cadet, so that issue is not presented here. *See* ECF No. 29, PageID # 89.

In sum, the text messages and other communications between Cadet and S.P. are not protected by the marital communications privilege. This court denies Cadet's motion.

**V.      CONCLUSION.**

For the reasons discussed above, Cadet's motion is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 1, 2018.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

United States of America v. Jonathan Cadet, Cr. No. 17-00075 SOM; ORDER DENYING DEFENDANT'S MOTION TO PRECLUDE GOVERNMENT FROM INTRODUCING TEXT MESSAGES AND COMMUNICATIONS.

---

(8th Cir, 1975)] involved the anti-marital facts privilege, its rationale is applicable here."); *see also Trammel v. United States*, 445 U.S. 40, 46 n.7 (1980) (noting "[s]imilar exceptions] for the anti-marital facts privilege and the marital communications privilege").